UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2005[*]
Decided October 6, 2005

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-4339

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*<br><br>*v.*<br><br>KEITH A. STEVENS,<br>*Defendant-Appellant.* | Appeal from the United States<br>District Court for the Western District<br>of Wisconsin<br><br>No. 04-CR-111-C<br><br>Barbara B. Crabb,<br>*Chief Judge.* |

## ORDER

Keith Stevens pleaded guilty to Count 6 of a nine-count superceding indictment, which charged him with distributing cocaine in violation of 21 U.S.C. § 841(a)(1). Relying on a career-offender recommendation and other guidelines-based findings, the district court sentenced Stevens as a career offender to 151 months' imprisonment, the low-end of the applicable guideline range. Stevens now argues under *United States v. Booker*, 125 S. Ct. 738 (2005), that the district court improperly treated the sentencing guidelines as mandatory and that this court should remand the case for resentencing. *See United States v. Schlifer*, 403 F.3d

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

849, 854 (7th Cir. 2005). The government concedes that Stevens preserved his *Booker* objection and that the case should be remanded for resentencing. Accordingly, we VACATE Stevens's sentence and REMAND for full resentencing in light of *Booker*. *See United States v. Goldberg*, 406 F.3d 891, 894-95 (7th Cir. 2005).